UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZERETH RUEDA PENA,<br><br>                       Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; PATRICK DIVVER, Field Office Director, San Diego Office of Detention and Removal, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security; and MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,<br><br>                       Respondents. | Case No.: 26-cv-2804-JES-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Zereth Rueda Pena's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), filed on May 3, 2026. ECF No. 1 ("Pet."). Pursuant to the Court's Order to Show Cause (ECF No. 3.), Respondents (the "Government") filed a Return. ECF No. 11 ("Return"). Petitioner also filed an optional

Traverse. ECF No. 12 ("Traverse"). The Court requested supplemental briefing, which Respondents and Petitioner both filed on June 1, 2026. ECF Nos. 16, 17, 18.

In the supplemental briefing, Respondents state that they are unable to show a significant likelihood of Petitioner's removal in the reasonably foreseeable future, and thus concede: "Respondents therefore acknowledge that Petitioner is entitled to be released from custody subject to conditions of supervision." ECF No. 17 at 1. As Respondents have conceded that the requested form of relief is due, the Court **GRANTS** the Petition.

Petitioner's supplemental briefing again raises her requested relief from her Petition regarding notice and opportunity to be heard prior to third country removal. ECF No. 18 at 2; Pet. ¶ 6. Petitioner alleges that Respondents previously attempted to remove her to the Republic of Congo without meaningful notice and opportunity to be heard. Pet. ¶ 110. Respondents state that they attempted to remove Petitioner to Ghana in April 2026 but terminated that option due to the pending DHS appeal. Return at 3. Petitioner provides email records between Petitioner's counsel and Respondents regarding Petitioner's aborted removal to Republic of Congo on April 15, 2026, which do not raise a potential Ghana removal. Traverse ¶¶ 25-29; *id.* at 18-20 (emails regarding April removal attempt). Respondents state that they will provide written notice regarding future third country removal attempts, and that Petitioner was provided with notice before the April removal. Return at 3; 9. However, as Petitioner points out, Respondents do not attest that written notice was provided before the April removal attempt, and do not make any claims that Petitioner was provided meaningful opportunity to be heard. Traverse at 9. Based on the record available to the Court, it appears that Petitioner was not provided notice and meaningful opportunity to be heard regarding her attempted third country removal.

Courts in this Circuit have repeatedly held that due process requires notice and opportunity to be heard prior to third country removal. *See, e.g., Kumar v. Wamsley*, 817 F. Supp. 3d 1059, 1069-1073 (W.D. Wash. 2025) (finding that the petitioner was entitled to notice and opportunity to be heard regarding potential third country removal, and that his membership in the class at issue in *Dep't of Homeland Sec. v. D.V.D.,* 145 S. Ct. 2153,

26-cv-2804-JES-DDL

222 L. Ed. 2d 1109 (2025) did not preclude individual relief); *Palacios Obregon v. Blanche*, No. C26-0484-KKE, 2026 WL 1223424, at *8 (W.D. Wash. May 5, 2026) (finding written notice and meaningful opportunity to be heard required for third country removal); *Lopez-Rivas v. Santacruz, Jr.*, No. 5:26-CV-02169-AYP, 2026 WL 1288651, at *9 (C.D. Cal. May 7, 2026) (Explaining that "[c]ourts have repeatedly held that due process is violated where third-country removal procedures fail to provide adequate notice and a meaningful opportunity to raise fear-based claims before removal is executed," and collecting cases); *Castillo v. Chestnut*, No. 1:25-CV-01296-SAB-HC, 2026 WL 121652, at *10 (E.D. Cal. Jan. 16, 2026) (finding meaningful opportunity to be heard on fear-based claims required prior to third country removal). The Court finds these decisions persuasive considering the important liberty interests at stake, and joins its sister courts in finding that written notice and meaningful opportunity to be heard are required prior to future attempts at third country removal in this case.

In conclusion, the Court **GRANTS** the Petition and **ORDERS** that Respondents **<u>immediately</u>** release Petitioner from custody, subject to reasonable conditions of supervision, and file a Joint Status Report by **<u>June 8, 2026</u>** confirming that Petitioner has been released. The Court further **ORDERS** that Respondents are **ENJOINED AND RESTRAINED** from removing Petitioner to a third country unless Respondents provide advanced written notice to Petitioner and his counsel, and a meaningful opportunity for Petitioner to raise and be heard on any potential fear-based claims before an immigration judge in compliance with due process.

The Clerk of the Court is **ORDERED** to close this case.

**IT IS SO ORDERED.**

Dated: June 2, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

3

26-cv-2804-JES-DDL